88

United States Court of Customs and Patent Appeals, May 31, 1938.

*Puckhafer & Rode (John D. Rode* of counsel) for appellant.
*Charles D. Lawrence*, Acting Assistant Attorney General *(John J. McDermott*, special attorney, of counsel), for the United States.

[Oral argument April 12, 1938, by Mr. John D. Rode and Mr. Lawrence]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, and LENROOT, Associate Judges

GARRETT, Presiding Judge, delivered the opinion of the court:[2]

This is an appeal from a judgment of the United States Customs Court, First Division, overruling importer's protest and sustaining the action of the Collector of Customs at the port of New York in assessing and collecting duty at the rate of one-third of 1 cent per pound upon certain imported bottles in which, as imported, distilled spirits subject to a specific rate of duty were contained. The case arose under the Tariff Act of 1930.

It is conceded that the bottles were of a class which, had they been imported empty or separately, would subject them to duty at the rate of 1 cent per pound under paragraph 217 of the Tariff Act of 1930.

Schedule 8 of the Tariff Act of 1930 provides for spirits, wines, and other beverages, and paragraph 810, appearing in that schedule, reads:

When any article provided for in this schedule is imported in bottles or jugs, duty shall be collected upon the bottles or jugs at one-third the rate provided on the bottles or jugs if imported empty or separately.

The collector's action was based upon the foregoing provisions.

The protest contains alternative claims, but the only one relied upon and pressed is that the bottles are properly free of duty as the usual containers of merchandise subject to specific rates of duty, and not fit or permitted to be reused as such containers.

It is pointed out that regulations of the Treasury Department (article 522, Customs Regulations of 1937), purporting to be issued

[1] T. D. 49627.
[2] JACKSON, Judge, took no part in the consideration or decision of this case.

under authority of House Joint Resolution 370, Public Resolution No. 40, Seventy-third Congress, approved June 18, 1934 (48 Stat. Ch. 610), expressly prohibits the reuse of bottles such as those here involved, and various authorities are cited in support of the contention that the usual containers of merchandise subject to a specific rate of duty are themselves free of duty, and other contentions.

It is not deemed necessary here to state appellant's contentions in detail, nor to make further recital of the facts, concerning which facts there is no dispute, for the reason that the case is precisely on all fours with the case of *Wines & Spirits (Hawaii), Ltd.* v. *United States*, decided by us December 23, 1937 (Suit 4061), and reported in 25 C. C. P. A. (Customs) 235, T. D. 49338.

It may be said that the present appeal was pending at the time of our decision in that case, and that the hearing in the instant case was practically a reargument by different counsel of the issues there presented. Some authorities are cited here which were not cited there, but these would not, in our opinion, justify or sustain a conclusion different from the conclusion there reached. All the material questions were fully discussed in that decision and no good purpose could be accomplished by repeating in the same, or different, phraseology the reasons given for affirming the judgment of the Customs Court sustaining the action of the collector. We adhere to the views there expressed for the reasons there given.

The judgment of the United States Customs Court is *affirmed*.